CITY OF ROOSEVELT PARK *v.* TOWNSHIP OF NORTON.

1. MUNICIPAL CORPORATIONS—FUNDS NOT SUBJECT TO EXECUTION OR GARNISHMENT.

   The funds or credits of a municipality or other public body exercising governmental functions, acquired by it in its governmental capacity, may not be reached by its creditors by execution under a judgment against the municipality, or by garnishment served upon the debtor or depository of the municipality, since such funds constitute a trust fund for the accomplishment of certain municipal functions.

2. SAME—INDIVIDUAL CREDITORS—PREFERENCE—PREJUDICE.

   To allow an individual municipal creditor to reach municipal funds for the satisfaction of his claim would effect a preference in favor of such creditor to the prejudice of other creditors and to the ultimate prejudice of the credit of the municipality.

3. TOWNSHIPS—MUNICIPAL CORPORATIONS.

   A township is a municipality and as such is an instrumentality of the State for purposes of local government.

4. SAME—TRUST FUNDS—PUBLIC POLICY.

   Township funds are in the nature of trust funds and are placed for disposition in accordance with appropriations previously made and public policy forbids such disturbance of those funds as would have a tendency to curtail governmental activities for which the funds were appropriated.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 6] 4 Am Jur, Attachment and Garnishment, § 358.
[1, 2, 4, 6] Municipal funds and credits as subject to levy under execution or garnishment on judgment against municipality. 89 ALR 863.
[3] 37 Am Jur, Municipal Corporations, §§ 4, 5.
[4] 52 Am Jur, Towns and Townships, § 30.
[7] 14 Am Jur, Costs, § 91.

5. SAME—JUDGMENT—STATUTORY PROVISION FOR COLLECTION.

   The sole remedy for the collection of a judgment against a township is provided by statute wherein a certified copy of the judgment is required to be filed with the supervisor of the township who must proceed to assess the amount thereof upon the next succeeding tax roll and providing for the collection and making of payment by the treasurer (CL 1948, § 624.5).

6. GARNISHMENT—TOWNSHIPS—DIVISION OF ASSETS UPON INCORPORATION OF CITY.

   Circuit court's order quashing city's writ of garnishment against depository of funds of township from which city had recently been incorporated and against which city had obtained judgment incident to division of assets, since township funds may not be reached by garnishment by an individual creditor.

7. COSTS—MUNICIPAL CORPORATIONS—GARNISHMENT OF TOWNSHIP FUNDS.

   No costs are allowed in city's garnishment proceeding to reach funds of township from whose territory city had recently been incorporated and against which city had obtained a judgment incident to division of assets, a public question being involved.

Appeal from Muskegon; Steinbacher (Harold E.), J., presiding. Submitted April 5, 1951. (Docket No. 27, Calendar No. 45,059.) Decided May 14, 1951.

Garnishment by City of Roosevelt Park against Township of Norton, principal defendant, and Hackley Union National Bank of Muskegon, garnishee defendant. Writ dismissed on motion of principal defendant. Plaintiff appeals. Affirmed.

*Harold H. Smedley,* for plaintiff.

*Legatz & Lidke* (*Lloyd H. Cully,* of counsel), for defendant.

SHARPE, J. The question at issue in this case relates to the garnishment of funds of Norton township to satisfy a claim prior to judgment. The facts are as follows. On January 9, 1951, an action at law

was started by the city of Roosevelt Park, a municipal corporation, to collect certain moneys claimed to be due from Norton township. It alleged that the city of Roosevelt Park was incorporated as a city out of a part of Norton township; that at the time of the incorporation, the valuation of the taxable property in Norton township was $8,918,311, while the taxable property after incorporation of Roosevelt Park was $3,422,885, leaving the valuation of the remaining part of Norton township at $5,495,426; and that after the incorporation of Roosevelt Park, the amount owing to Roosevelt Park on the division of assets over and above liabilities is approximately $46,000.

On January 13, 1951, an affidavit for writ of garnishment was filed with the clerk of the circuit court of Muskegon county and a writ of garnishment was issued against the Hackley Union National Bank. On January 15, 1951, a motion to quash the writ of garnishment was filed in behalf of Norton township. On January 19, 1951, the trial court entered an order quashing the writ of garnishment.

Plaintiff appeals and urges that a writ of garnishment issued pursuant to statute will lie against the funds of a municipal corporation if the municipal corporation is insolvent or unable to levy a tax to pay a judgment in the manner provided by law; and that the trial court was in error in not permitting plaintiff to show the financial condition of the township in order to discover whether a judgment could be collected.

It is not disputed that the tax rate in Norton township is in excess of 49 mills and that the tax rate could not be increased to an amount sufficient to satisfy plaintiff's claims without violating section 21 of article 10 of the State Constitution.

In 89 ALR, p 864, it is said:

"The courts are practically unanimous in holding that the funds or credits of a municipality or other public body exercising governmental functions, acquired by it in its governmental capacity, may not be reached by its creditors by execution under a judgment against the municipality, or by garnishment served upon the debtor or depository of the municipality."

The basis for this rule is that municipal funds constitute a trust fund for the accomplishment of certain municipal functions, see *Vanderpoel* v. *Borough of Mt. Ephraim,* 111 NJL 423 (168 A 575, 89 ALR 862); that to subject municipal funds to levy of execution and garnishment would restrict, thwart and interfere with the proper and orderly functioning of the municipal governmental machinery, see *Underhill* v. *Calhoun,* 63 Ala 216; and that to allow an individual municipal creditor to reach municipal funds for the satisfaction of his claim would effect a preference in favor of such creditor to the prejudice of other creditors and to the ultimate prejudice of the credit of the municipality, *Vanderpoel* v. *Borough of Mt. Ephraim, supra.*

A township is a municipal corporation and as such an instrumentality of the State for purposes of local government.   See *Hanslovsky* v. *Township of Leland,* 281 Mich 652.   Township funds are in the nature of trust funds and are placed for disposition in accordance with appropriations previously made. Public policy forbids disturbance of these funds as to do so would have a tendency to curtail governmental activities for which these funds were appropriated.

In our opinion the sole remedy for the collection of a judgment against a township is provided by CL 1948, § 624.5 (Stat Ann § 27.1654), which in part reads as follows:

"Whenever judgment shall have been recovered against any township    *    *    *    it shall be the duty of the    *    *    *    clerk of the court    *    *    *    on the application of the party in whose favor such judgment was rendered    *    *    *    to make and deliver to the party so applying a certified transcript of such judgment    *    *    *    and it shall be lawful for the party so obtaining such certified transcript to file the same with the supervisor of the township.    *    *    *    And it shall be the duty of the supervisor    *    *    *    to proceed to assess the amount thereof    *    *    *    upon the taxable property of the township    *    *    *    upon the then next tax roll.    *    *    *    And it shall be the duty of such treasurer    *    *    *    of any such township    *    *    *    to collect and pay said judgment to the owner thereof    *    *    *    on or before the date when such tax roll and warrant shall be returnable.    *    *    *    Nothing herein contained shall be construed to exclude other remedies given by law for the enforcement of such judgment."

Defendant urges that under the circumstances of this case the above statute is ineffectual as the supervisor of the township would not and could not spread the amount of the judgment on the tax rolls. In *Morley Brothers* v. *Carrollton Township Supervisor*, 312 Mich 607, a method was suggested for the collection of a judgment.

The order of the circuit court quashing the writ of garnishment is affirmed. No costs are allowed as the determination of a public question is involved.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Carr, and Bushnell, JJ., concurred.