Gerald M. SULLIVAN, not individually, but as Trustee of Plumbers' Pension Fund, Local 30, U.A., Plumbers' Welfare Fund, Local 130, U.A., The Trust Fund for Apprentice and Journeyman Education and Training, Local 130, U.A., Group Legal Services Plan Fund, and not individually but as Business Manager of Chicago Journeymen Plumbers' Local Union, 130, U.A., The Plumbing Contractors Association of Chicago and Cook County, Plaintiffs,

v.

Fred HOCHFELDER, d/b/a F.H. Hock Plumbing Contractors, and Lillian Hochfelder, Defendants.

No. 92 C 5937.

United States District Court, N.D. Illinois, E.D.

Oct. 8, 1993.

Thomas Maurice Weithers, Central States Law Dept., Rosemont, IL, Douglas Allan Lindsay, Blake T. Lynch, Michele K. Parthum, Lewis, Overbeck & Furman, Chicago, IL, for plaintiffs.

Kathryn S. Matkov, Gould & Ratner, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

On September 3, 1992, plaintiffs brought suit against Fred Hochfelder and his wife Lillian Hochfelder seeking to satisfy a judgment previously issued by this court against Fred Hochfelder for benefit contributions and related attorneys fees and costs pursu-

ant to 29 U.S.C. § 1132. According to plaintiffs, the Hochfelders illegally sought to shield Fred Hochfelder from liability under the judgment through a fraudulent transfer of jointly owned property. Plaintiffs have asked this court to void the transfer and to levy execution on Fred Hochfelder's interest in the property. The Hochfelders now move to dismiss the plaintiffs' suit for want of subject matter jurisdiction. For the reasons stated below, the motion is denied.

### Background

From 1981 to 1985, Fred Hochfelder ("Hochfelder") worked as a plumbing contractor, doing business as Hock Plumbing Company, Inc., and F.H. Hock Plumbing Contractors. In October 5, 1990, an arbitrator ordered Hochfelder to pay just under $50,000 for failing to contribute to his employees' benefits funds in violation of several collective bargaining agreements. (Arbitration Decision and Award at 1–2). In April 1991, following Hochfelder's refusal to pay, the plaintiffs filed suit in this court to enforce the arbitration award. On August 27, 1991, this court entered judgment against Hochfelder, d/b/a F.H. Hock Plumbing Contractors and Hock Plumbing, Inc. in the amount of $50,746.15. Three weeks later, this court granted plaintiffs' petition for an award of attorneys' fees and costs in the amount of $4,823.23.

According to plaintiffs, prior to July 1991, Hochfelder and his wife Lillian owned certain real property in Niles, Illinois as joint tenants. (Complaint at 3). On July 12, 1991, six weeks before this court entered its judgment against Hochfelder, Hochfelder and his wife allegedly transferred the Niles property to themselves as tenants by the entirety. (*Id.*). Plaintiffs claim that the transfer was made "with actual intent to hinder, delay or defraud" plaintiffs and in violation of the Illinois Uniform Fraudulent Transfer Act. 740 ILCS 160/1–12. Unable to collect on this court's judgment, plaintiffs now ask the court to void the transfer and order that a levy of execution issue on Hochfelder's interest in the Nile's property. (Complaint at 5).[1]

In their motion to dismiss, the Hochfelders assert that because the sole issue presented—whether the alleged transfer of the Niles property was fraudulent—is a matter of state law, this court has no subject matter jurisdiction over the parties' dispute. (Motion to Dismiss at 1); (Memorandum in Support of Motion to Dismiss at 1–3). The mere fact that the parties' original dispute involved claims under ERISA, the Hochfelders argue, does not mean that subsequent efforts to enforce the judgment also involve questions of federal law. (Memorandum in Support of Motion to Dismiss at 2). Noting that this case will not require the analysis or interpretation of any benefit plans covered by ERISA, they claim that the appropriate forum for this action is state court, "which clearly has greater expertise in the interpretation of the state's own fraudulent conveyance law." (*Id.*).

### Discussion

■ The supplementary jurisdiction of a federal court over proceedings brought to protect and give effect to its judgments has been long recognized.

> [T]he rule is universal, that if the power is conferred to render the judgment or enter the decree, it also includes the power to issue proper process to enforce such judgment or decree.... [T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied.

*Argento v. Village of Melrose Park*, 838 F.2d 1483 (7th Cir.1988) (quoting *Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 187, 18 L.Ed. 768 (1867)). Absent such authority, "[t]he judicial power would be incomplete, and entirely inadequate to the purposes for which it was intended." *Bank of United States v. Halstead*, 23 U.S. (10 Wheat.) 51, 53, 6 L.Ed. 264 (1825). To require a separate state lawsuit to enforce a federal court judgment would compromise the important

---

1. Plaintiffs filed an independent action in order to join Lillian Hochfelder who was not a party to the original suit. Transferees are necessary parties under the Uniform Fraudulent Transfer Act.

*See In re Schneider*, 99 B.R. 52, 56 (Bankr. W.D.Wash.1989); *see also* 37 C.J.S., *Fraudulent Conveyances* § 345.

federal interests at stake in the original suit and impose an unnecessary burden on the state court system. *See Skevofilax v. Quigley,* 810 F.2d 378, 385 (3d Cir.1987).

Rule 69(a) of the Federal Rules of Civil Procedure provides a procedural mechanism for a court's exercise of its inherent jurisdiction to enforce its judgment in a supplemental proceeding. *Argento,* 838 F.2d at 1487. As the express language of Rule 69(a) makes clear, the Rule contemplates the application of state law:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought . . .

Fed.R.Civ.P. 69(a).

Thus, defendants' objection to this court's exercise of subject matter jurisdiction over this matter solely on the grounds that it does not involve a question of federal law is clearly unfounded.

Nevertheless, since the Federal Rules of Civil Procedure can neither create nor withdraw jurisdiction,[2] this court's inquiry cannot end here. Rather, the court must address the real issue raised by this case—the proper scope of the court's supplementary jurisdiction.[3] Though neither party addressed the issue, defendants might have objected to the court's exercise of supplementary jurisdiction in this case on two grounds: 1) that one of the co-defendants was not a party to the original suit, and 2) that the matter was brought as a separate action. Here, neither objection would be valid. The court's supplementary jurisdiction does extend to the instant case.

The first "objection" can be dismissed summarily. As the Seventh Circuit held in *Argento,* 838 F.2d at 1487, "there is no reason to draw a distinction for purposes of subject matter jurisdiction, between supplementary jurisdiction over a party and supplementary jurisdiction over a nonparty." *See also Skevofilax,* 810 F.2d at 385; *Blackburn Truck Lines, Inc. v. Francis,* 723 F.2d 730, 732–33 (9th Cir.1984); *Chambers v. Blickle Ford Sales, Inc.* 313 F.2d 252 (2d Cir.1963). In *Argento,* the plaintiff had brought suit against a nonparty municipality seeking indemnity on a judgment previously entered against two of its police officers. *Argento,* 838 F.2d at 1486. The court upheld the district court's ruling that the municipality was liable for the judgment under Ill.Rev. Stat. ch. 85 § 9–102. *Id.* at 1488.

The question of whether, and to what extent, the court's supplementary jurisdiction covers separate actions is more complex. Although the Seventh Circuit has been reluctant to define the outer limits of supplementary jurisdiction, federal courts apparently do not have supplementary jurisdiction over wholly independent actions unrelated to prior proceedings. *See Argento,* 838 F.2d at 1489–90; *see also Hankins v. Finnel,* 964 F.2d 853, 860 (8th Cir.1992). However, when an enforcement action is "adequately related" to the prior proceeding such that it could have been brought as part of the earlier suit, no separate basis of federal jurisdiction is required. *Argento,* 838 F.2d at 1489 & n. 9, 1490; *Hankins* at 860. In *Argento,* the court held that the lower court had supplementary jurisdiction where the enforcement action and the prior proceeding arose out of a "common nucleus of operative fact", was not brought merely to avoid jurisdictional problems, and where judicial convenience and economy were served. *Id.* at 1490.

Applying the criteria set forth in *Argento,* the court concludes that its supplemental jurisdiction does extend to the case at hand.

**2.** Fed.R.Civ.P. 82; *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 370, 98 S.Ct. 2396, 2400, 57 L.Ed.2d 274 (1978).

**3.** In accordance with the practice within this circuit, the court uses the term "supplementary jurisdiction" to refer to a specific type of ancillary jurisdiction—namely jurisdiction "in aid of or to enforce a judgment". *See Argento,* 838 F.2d at 1487. *Supplementary* jurisdiction should not be confused with the court's *supplemental* jurisdiction over pendent state claims set forth in 28 U.S.C. § 1367.

 

First, both suits arise from a common nucleus of operative facts. The core issue in both cases involves Hochfelder's continuing efforts to avoid his obligations to contribute to an employee benefits fund. (See April 24, 1991 Complaint for Enforcement of Award of Arbitration and Complaint). As in *Argento,* the instant suit could have been brought as part of the plaintiffs' original case.[4] *See In re Int'l Harvester's Disposition of Wisconsin Steel,* 681 F.Supp. 512, 524 (N.D.Ill.1988) (assuming jurisdiction over a pendent Illinois fraudulent conveyance claim in ERISA suit); *Central States, Southeast & Southwest Areas Pension Fund v. Johnson,* 991 F.2d 387, 393 n. 7 (7th Cir.1993) (stating that if plaintiff could prove that defendant transferred personal assets to spouse to avoid ERISA withdrawal liability, recovery was available under ERISA itself or under state fraudulent conveyance law).

This court further notes that plaintiffs' present claim against the Hochfelders is entirely derivative of their original suit against Fred Hochfelder. They have not sought to abuse this court's exercise of supplemental jurisdiction by asserting additional independent state claims that otherwise could not have been raised in federal court. Moreover, since this court is already familiar with the underlying facts of the case, and because it is not altogether clear whether a state court has the authority to provide plaintiffs with all the relief they seek,[5] reasons of judicial economy and convenience tip the scale still further towards the exercise of federal jurisdiction.

Finally, the important federal rights at stake must also be considered. Congress passed ERISA in 1974 to provide greater pension security for United States workers. *Nachman Corp. v. Pension Ben. Guaranty Corp.,* 446 U.S. 359, 362, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980). As the court noted in *Robbins v. Labar Transportation Corp.,* 599 F.Supp. 705, 708 (N.D.Ill.1984), the assur-

ances of the Employee Retirement Security Income Program would be hollow indeed if the federal courts could not properly enforce judgments entered against delinquent employers.

### *Conclusion*

For the foregoing reasons, defendants' motion to dismiss this case for lack of subject matter jurisdiction is denied.

---

4. Since the alleged transfer occurred after the original filing of the suit, plaintiffs would have needed to amend their complaint and to join Lillian Hochfelder as a defendant.

5. Plaintiffs seek both the voidance of the allegedly fraudulent transfer *and* a levy of execution on

Fred Hochfelder's interest in the property. (Complaint at 5). Plaintiffs argue forcefully that a state court might find that the grant of exclusive federal jurisdiction in 29 U.S.C. § 1132(e)(1) precludes it from awarding the additional relief requested.