PAYTON v CITY OF HIGHLAND PARK

Docket No. 160785. Submitted December 13, 1994, at Detroit. Decided June 16, 1995, at 9:10 A.M.

David J. Payton brought an action in the Wayne Circuit Court against the City of Highland Park. The parties entered into a consent judgment. The plaintiff obtained a writ of garnishment to collect funds of the city held by the First of America Bank. The trial court, Louis F. Simmons, Jr., J., denied the city's motion to set aside the writ of garnishment. The city appealed.

The Court of Appeals *held:*

Garnishment is not available as a method of collecting a judgment against a municipal corporation. The rule in *Roosevelt Park v Norton Twp,* 330 Mich 270 (1951), remains the law of the state despite enactment of the Revised Judicature Act in the interim. MCL 600.6093; MSA 27A.6093 is in all important respects identical in effect to its predecessor, 1948 CL 624.5, the statute the Supreme Court found to be the sole remedy for collection of a judgment against a municipal corporation. MCL 600.411; MSA 27A.4011, the present garnishment statute, is in all important respects identical to 1948 CL 628.46 and, thus, evidences no intent on the part of the Legislature to depart from the rule announced in *Roosevelt Park.* Accordingly, the trial court erred in denying the defendant's motion to set aside the writ of garnishment.

Reversed.

*Diane Hutcherson,* for the defendant.

Before: Hood, P.J., and Reilly and M. Morris,* JJ.

Per Curiam. Defendant, the City of Highland Park, entered into a consent judgment with plaintiff. Defendant appeals as of right a circuit court order denying its motion to set aside the writ of

* Circuit judge, sitting on the Court of Appeals by assignment.

garnishment obtained by plaintiff to collect the judgment against defendant.

We agree with defendant that garnishment is not available as a method of collecting a judgment against it. We find that the trial court erred as a matter of law and reverse.

In *Roosevelt Park v Norton Twp,* 330 Mich 270; 47 NW2d 605 (1951), the Supreme Court upheld a trial court's order quashing a writ of garnishment obtained to satisfy a claim against Norton Township. The Court quoted anno: *Municipal funds and credits as subject to levy under execution or garnishment on judgment against municipality,* 89 ALR 863, 864, in which it was stated that courts are "practically unanimous" in holding that funds of a municipality may not be reached by garnishment served on the debtor or depository of the municipality. The Court explained the reasoning of this rule as follows:

> The basis for this rule is that municipal funds constitute a trust fund for the accomplishment of certain municipal functions; that to subject municipal funds to levy of execution and garnishment would restrict, thwart and interfere with proper and orderly functioning of the municipal governmental machinery; and that to allow an individual municipal creditor to reach municipal funds for the satisfaction of his claim would effect a preference in favor of such creditor to the prejudice of other creditors and to the ultimate prejudice of the credit of the municipality. [330 Mich 273. Citations omitted.]

The Court concluded that the sole remedy for the collection of a judgment against a township was provided in 1948 CL 624.5, which has been repealed and replaced by MCL 600.6093; MSA 27A.6093.

The Legislature is presumed to act with knowledge of the statutory interpretations by this Court and the Supreme Court. *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 505-506; 475 NW2d 704 (1991). The changes made in the statutes since *Roosevelt Park* was decided do not indicate that the Legislature intended garnishment to be a method of collecting a judgment against a municipality.

MCL 600.4011; MSA 27A.4011 was enacted after *Roosevelt Park* was decided and authorizes garnishment generally. However, contrary to plaintiff's arguments at the hearing on defendant's motion, the limitations imposed on "[a] garnishment proceeding . . . against . . . any governmental unit" in MCL 600.4011(4); MSA 27A.4011(4) refer to those proceedings in which the governmental unit is a garnishee-defendant. That subsection does not suggest that garnishment is available as a method of collecting a judgment where the governmental unit is a judgment debtor. Furthermore, a similar provision was in effect at the time *Roosevelt Park* was decided. See 1948 CL 628.46.

Plaintiff argued before the lower court that the last sentence of MCL 600.6093(1); MSA 27A.6093(1) supports his argument that garnishment is not precluded as a method of collecting the judgment:

> Nothing herein contained shall be construed to exclude other remedies given by law for the enforcement of the judgment.

However, the same provision appeared in the predecessor to MCL 600.6093; MSA 27A.6093, 1948 CL 624.5, which was in effect at the time *Roosevelt Park* was decided. Nevertheless, the Court concluded that the method set forth in the statute was "the sole remedy for the collection of a judg-

ment against a township." *Roosevelt Park, supra* at 273.

On the basis of the reasoning of *Roosevelt Park* and the absence of any action on the part of the Legislature to indicate that a contrary result was intended, we conclude that garnishment is not available as a method to collect a judgment against a municipality. Therefore, the trial court erred in denying defendant's motion to set aside the writ of garnishment.

Reversed.