Sharon CHILDRESS, Plaintiff,

v.

David WILLIAMS, Defendant.

No. 97–72335.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 5, 2000.

Opinion Denying Reconsideration
Nov. 2, 2000.

Antoinette R. Raheem, Law Offices of Antoinette R. Raheem, P.C., Detroit, MI, Jerome L. Reide, Detroit, MI, Rachel K. Elckemeyer, Northville, MI, William A. McNeil, Law Offices of William A. McNeil, Detroit, MI, for Plaintiff.

Frederick L. Schmoll, III, Gault Davison, P.C., Flint, MI, Marcia L. Howe, Johnson, Rosati, Galica, LaBarge Aseltyne, Sugameli & Field, Farmington Hills, MI, for Defendant David Williams.

Karen L. Folks, Neal, Neal & Stewart, P.C., Flint, MI, Patrick L. Rose, Lansing, MI, for Defendant, City of Flint.

## OPINION

DUGGAN, District Judge.

On December 22, 1998, this Court entered a Judgment, in the amount of $1,500,000.00, in favor of Plaintiff after a jury returned a verdict in her favor.

This matter is before the Court on the City of Flint's ("City") motion to quash garnishment. The Court referred this matter to Magistrate Judge Donald A. Scheer. Thereafter, Magistrate Judge Scheer issued a report and recommendation ("R & R"), recommending that this Court grant the City's motion to quash garnishment, because this Court lacks jurisdiction over the subject matter. Plaintiff has filed objections to this recommendation, and the City has filed "conditional objections." Therefore, this Court reviews *de novo* those portions of the R & R that Plaintiff and the City find objectionable. *See* 28 U.S.C. § 636(b)(1)(C); *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987).

Plaintiff lodges a myriad of objections that all boil down to one succinct issue: Plaintiff believes the magistrate judge's conclusion that this Court lacks subject matter jurisdiction is "erroneous as a matter of law." (Pl.'s Obj. to R & R at 2). Plaintiff objects to the magistrate judge's reliance on *Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817

(1996), for the proposition that this Court lacks jurisdiction over the garnishment proceeding as "totally inapplicable to the instant case." (*Id.*). Plaintiff argues that *Peacock* is inapplicable because it involved a separate action, unlike the instant case, and did not involve a proceeding pursuant to FED. R. CIV. P. 69(a), as in the case at bar. This Court agrees with Plaintiff.

The plaintiff in *Peacock* filed a class action lawsuit against his former employer, Tru–Tech Corporation, and defendant Peacock, an officer and shareholder of Tru–Tech, under the Employee Retirement Income Security Act of 1974. The plaintiff recovered a judgment against the corporation, but the district court determined that defendant Peacock was not liable as a plan fiduciary. Seeking to pierce the corporate veil of Tru–Tech, the plaintiff brought suit against defendant Peacock, and his attorney, in federal court, attempting to collect the earlier judgment. The plaintiff was successful in the district court and on appeal.[1] The United States Supreme Court granted *certiorari* to determine whether the district court had subject matter jurisdiction and to resolve a circuit split on the issue.[2] *Peacock*, 516 U.S. at 352, 116 S.Ct. at 866.

The Supreme Court, in *Peacock*, dismissed the subsequent suit, holding that the district court lacked subject matter jurisdiction over the subsequent suit.

> "[A]ncillary jurisdiction is not justified over a new lawsuit to impose liability for a judgment on a third party."

*Id.* at 359, 116 S.Ct. at 869.

In rendering its decision, the *Peacock* Court distinguished between proceedings that are "entirely new and original," *Id.* at 358, 116 S.Ct. at 869, and proceedings that are ancillary to the original action.

[A] federal court may exercise ancillary jurisdiction "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."

*Id.* at 354, 116 S.Ct. at 867 (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379–80, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994)).

Plaintiff argues that both prongs of the test for ancillary jurisdiction are met. This Court agrees.

Plaintiff contends that she is entitled to proceed on her garnishment action against the City to collect on her judgment against Defendant Williams.

The City was a party to an agreement with the Flint Police Officers Association that provided in pertinent part:

> Whenever judgment for damages, excluding punitive damages, is awarded against an Employee as a result of any civil action for personal injuries or property damage caused by the Employee while in the course of his employment, and while acting in the scope of his authority, the Employer will indemnify the employee or will pay, settle, or compromise the judgment.

(Agreement at Art. 42). Plaintiff seeks to enforce the indemnity agreement against the City via a garnishment action in this Court. Defendant Williams has taken no action in his own right to enforce the indemnity agreement; rather, he has appealed the judgment against him.

Plaintiff has not instituted a "separate action." In fact, she is proceeding under

---

1. It does not appear that subject matter jurisdiction was challenged in the district court; it was, however, raised in the Court of Appeals. The United States Court of Appeals for the Fourth Circuit concluded that the district court did indeed have jurisdiction. *Thomas v. Peacock*, 39 F.3d 493, 502 (4th Cir.1994).

2. *Compare Skevofilax v. Quigley*, 810 F.2d 378 (3d Cir.) (en banc), *cert. denied sub nom. Township of Edison, N.J. v. Skevofilax*, 481 U.S. 1029, 107 S.Ct. 1956, 95 L.Ed.2d 528 (1987); *Argento v. Village of Melrose Park*, 838 F.2d 1483 (7th Cir.1988), *with Berry v. McLemore*, 795 F.2d 452 (5th Cir.1986); *Sandlin v. Corporate Interiors, Inc.*, 972 F.2d 1212 (10th Cir.1992).

the same case number and caption as her original action against Defendant Williams.[3]

As to the second prong of ancillary jurisdiction, the Supreme Court has expressly stated that garnishment proceedings are ancillary to the original action. In defining the power and scope of ancillary jurisdiction, the Supreme Court has "approved of the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, *garnishment,* and the prejudgment avoidance of fraudulent conveyances." *Id.* at 356, 116 S.Ct. at 868 (emphasis added) (collecting cases); *see also Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 834 n. 10, 108 S.Ct. 2182, 2188 n. 10, 100 L.Ed.2d 836 (1988). Therefore, the Court is satisfied that Supreme Court precedent authorizes ancillary jurisdiction in this garnishment action.

Furthermore, the garnishment proceeding in the instant case is not separate and independent from the original proceeding. In *Peacock,* the United States Supreme Court cautioned against the exercise of federal jurisdiction over proceedings that are *"entirely new and original." Peacock,* 516 U.S. at 358, 116 S.Ct. at 869 (citations omitted) (emphasis added). The *Peacock* Court found that the action against the former employer was "founded not only upon different facts than the [original] suit, but also upon entirely new theories of liability." *Id.* For the foregoing reason, the Supreme Court found that the district court lacked subject matter jurisdiction over the suit. *See id.* at 360, 116 S.Ct. at 869.

The case *sub judice* is distinguishable from *Peacock* because the underlying facts between the original suit and the instant

garnishment action overlap.[4] The indemnity contract reads: "Whenever judgment for damages ... is awarded against an employee as a result of any civil action for personal injuries ... caused by an employee ... the employer ... will indemnify the employee or will pay, settle, or compromise the judgment." (Agreement at Art. 42). To enforce the terms of the contract, therefore, Plaintiff would have to demonstrate that the award was as a result of personal injuries caused by Defendant Williams. Such a demonstration would necessarily involve the use of facts presented at trial that resulted in a finding of liability against Defendant Williams.

Moreover, the instant case also differs from *Peacock* in that, if all the prerequisites of the indemnification agreement were met, the City would be liable for indemnification at the time the judgment was rendered against Defendant Williams. Prior to, and during the proceedings against Defendant Williams, the indemnification agreement between the City and Defendant Williams was in effect. Because Defendant Williams may have a right to collect from the City, so too may Plaintiff. *See Chrysler First Business Credit Corp. v. Rotenberg,* 789 F.Supp. 870, 872 (E.D.Mich.1992).

The foregoing facts distinguish the instant action from *Peacock.* Because Mr. Peacock was not otherwise liable to the plaintiff, the Supreme Court held that the district court lacked ancillary jurisdiction over what was a new action in which the plaintiff, as a judgment creditor, sought to impose liability for a money judgment on a person not otherwise liable for that judgment. *See Peacock,* 516 U.S. at 357, 116 S.Ct. at 868. In the instant case, however, the contract between the City and Defendant Williams states "[w]henever a judgment for damages is awarded," which im-

---

**3.** The City was originally a defendant in the action against Defendant Williams. On November 12, 1998, this Court issued an Opinion and Order granting summary judgment in favor of the City.

**4.** The Court notes, however, that "total congruity between the operative facts of the two cases is unnecessary." *Nanavati v. Burdette Tomlin Mem'l Hosp.,* 857 F.2d 96, 105 (3d Cir.1988), *cert. denied,* 489 U.S. 1078, 109 S.Ct. 1528, 103 L.Ed.2d 834 (1989).

plies that once a judgment is rendered against an employee, the City may become liable to such employee.

"To require a separate state lawsuit to enforce a federal court judgment would compromise the important federal interests at stake in the original suit and impose and unnecessary burden on the state court system." *Sullivan v. Hochfelder*, 834 F.Supp. 1036, 1037–38 (N.D.Ill.1993).[5]

## Conclusion

For the reasons set forth above, the Court rejects Magistrate Judge Scheer's recommendation that the City's motion to quash be granted based on this Court's lack of subject matter jurisdiction.

In his R & R, the magistrate judge noted that the City had set forth other grounds that it also believed warranted granting its motion to quash. The magistrate judge did not address these grounds because he felt it unnecessary, in light of his recommendation that the writ of garnishment be quashed because of a lack of subject matter jurisdiction. The Court shall, therefore, address some of these other grounds.

The City has, in fact, filed three motions to quash garnishment. Said motions having been filed on April 2, 1999, October 29, 1999, and May 22, 2000. These motions essentially present the same arguments:

■ (1) M.C.L. § 600.6093 "expressly forbids the use of a garnishment [to] collect a judgment against a municipality." (City's 4/22/99 Mot. to Quash at ¶ 1). This argument is totally lacking in merit. Plaintiff is not seeking to use a garnishment to collect a *judgment* against a municipality. The judgment that Plaintiff is seeking to collect is a judgment against

Defendant Williams; the *garnishment* is directed toward the municipality.

■ (2) "Michigan law forbids the use of a garnishment to collect against a person or entity who is not a judgment debtor and who does not hold property on behalf of the judgment debtor." (*Id.* at ¶ 8). The City is incorrect. Michigan law specifically authorizes the issuance of a writ of garnishment against a person, "who is not a judgment debtor" if the garnishment seeks to collect "[a]n obligation owed to the judgment debtor," if the "obligor" (garnishee defendant) is subject to the judicial jurisdiction of the state. MICH. COMP. LAWS § 600.4011. It is not necessary, as contended by the City, that the garnishee defendant hold "assets or property belonging to Officer Williams." (*See* City's 4/2/99 Mot. to Quash at ¶ 9).

(3) The fact that the City is not a judgment debtor does not preclude it from being a "proper garnishee." (*Id.* at ¶ 10).

(4) Contrary to the City's arguments in paragraph eleven of its motion, Plaintiff is not seeking to establish liability against the City based on vicarious liability.

(5) The City claims that a garnishment proceeding may not be commenced until Plaintiff's claim has been reduced to a judgment against the party whom it seeks to garnish. (*Id.* at ¶ 13). The City is incorrect. Plaintiff's claim against the *principal debtor* must be reduced to judgment. If Plaintiff's claim against the garnishee defendant had been reduced to judgment—there would be no need for a garnishment action.

(6) The City contends that there has been no determination "adjudicating the scope of [Defendant Williams's] rights un-

---

5. The Court also rejects the City's "conditional objections." The City claims that the magistrate judge erroneously stated in the R & R that Defendant Williams was terminated. The Court will accept the City's assertion that Defendant Williams was not terminated; however, the Court does not believe that this alleged "error" affects the issue of this Court's jurisdiction over this garnishment action. Therefore, the objection is denied. The

City also objects that the R & R "renders an advisory opinion, in dicta, about the merits of the garnishment action." (City's Obj. to R & R at 4). A report and recommendation by a magistrate judge is just that—a recommendation. Hence, as this Court has rejected the magistrate judge's *recommendation* (and concomitantly the dicta), the City's objection to it as an "advisory opinion" is unavailing and is denied.

der the contract of indemnification" and that Flint has reserved its right to deny indemnification. (*Id.* at ¶¶ 14–16). These are issues that the City may raise in disputing any liability under the garnishment; they are not grounds for quashing the garnishment.

Accordingly, the City's motions to quash garnishment filed on April 2, 1999, October 29, 1999, and May 22, 2000 shall be denied.

Garnishee Defendant City of Flint shall file an answer to the writs of garnishment by **September 20, 2000.** If the City, in its answer, denies that it is indebted to Defendant Williams, it shall set forth the basis of such denial.

An Order consistent with this Opinion shall issue forthwith.

### *OPINION DENYING RECONSIDERATION*

On December 22, 1998, this Court entered a Judgment, in the amount of $1,500,000.00 in favor of Plaintiff after a jury returned a verdict in her favor. Subsequently, Plaintiff issued writs of garnishment against the City of Flint ("the City") in an effort to collect this Judgment. The City filed a motion to quash the garnishment. On September 5, 2000, this Court issued an Opinion and an Order denying the City's motion to quash the writs of garnishment. On September 19, 2000, the City filed a motion for reconsideration of the Order denying its motion to quash garnishment. For the reasons set forth below, the City's motion for reconsideration shall be denied.

The Local Rules for the Eastern District of Michigan provide:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate

a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). The City's motion for reconsideration essentially "re-argues" the same issues presented in its motion to quash the garnishment, which have already been considered and ruled upon by the Court.[1] The City's first argument in support of its motion simply restates its position that the Court misconstrued *Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996), in concluding that *Peacock* permits the Court to exercise jurisdiction over a third-party defendant in a garnishment proceeding to collect the judgment rendered by the federal court. This Court disagrees.

As the Court stated in its initial Opinion, "a federal court may exercise ancillary jurisdiction '(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" (9/5/00 Op. at 3) (quoting *Peacock,* 516 U.S. at 356, 116 S.Ct. at 867).

Further support for this Court's conclusion that it has jurisdiction to hear and decide the garnishment proceedings instituted in this case, is found in *Yang v. City of Chicago,* 137 F.3d 522 (7th Cir.1998). In *Yang,* the Seventh Circuit addressed an issue virtually identical to that presently before the Court. In *Yang,* plaintiff brought an action pursuant to 42 U.S.C. § 1983 against two police officers employed by the City of Chicago. Judgments were rendered against the police officers and plaintiff filed a "petition for indemnification and writ of execution, seeking indemnification of the ... judgments ... from the City of Chicago pursuant to 745 ILCS 10*9–102." [2] *Id.* at 524. The district

---

1. To the extent the City of Flint raises some "new" arguments, such arguments could have and should have been raised in the original motion to quash the garnishments.

2. Section 9–102 directs a municipality to indemnify a tort judgment entered against an employee if the employee's misconduct was

court dismissed the petition for indemnification "for lack of subject matter jurisdiction." *Id.* Plaintiff appealed contending that his petition was "an ancillary proceeding, not a separate lawsuit, and was properly before the court." *Id.* The Seventh Circuit agreed with plaintiff and reversed the district court's decision dismissing the petition for lack of subject matter jurisdiction.

The City of Chicago, relying on *Peacock,* argued that the district court did not have subject matter jurisdiction. In rejecting this argument, the Seventh Circuit stated:

> In *Peacock,* the Court held that federal courts do not possess ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment. 516 U.S. at 349–50, 116 S.Ct. at 864. However, the Supreme Court specifically cited Rule 69 as a procedure under ancillary jurisdiction to be used in executing federal judgments in accordance with state procedure and practice. *Id.* at 359 n. 7, 116 S.Ct. at 869 n. 7. Additionally, the Court noted that:
>
> > We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments. Without jurisdiction to enforce a judgment entered by a federal court, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Riggs v. Johnson County,* 73 U.S. (6 Wall.) 166, 18 L.Ed. 768 (1868). In defining that power, we have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection of federal judgments-including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances.

within the scope of his employment. *Id.* at

*Id.* at 525 (quoting *Peacock,* 516 U.S. at 356, 116 S.Ct. at 868).

In *Skevofilax v. Quigley,* 810 F.2d 378 (3d Cir.1987), the court addressed the issue of the federal court's jurisdiction over a non-diverse garnishee defendant in a proceeding to enforce a federal court judgment. The court recognized that "[b]y virtue of Rule 69, the same relief is available in federal court for the satisfaction of a federal court judgment as would be available in a state court. Rule 69 does not contemplate that the holders of federal judgments must resort to state tribunals for their enforcement." *Id.* at 384.

Responding to the township's claim that a separate basis of federal subject matter jurisdiction must exist over the garnishee, the court stated, "[s]ince such a separate basis of subject matter jurisdiction will rarely exist, the effect of the township's position would be that in almost all cases federal courts would be unable to enforce their judgments by resort to garnishment process." *Id.* The court further explained:

> The township's proposed approach would mean that such remedies would be available only in one instance—a case in which there is complete diversity between the plaintiff and both the defendant and the garnishee. Garnishment or any similar provisional prejudgment remedy could never be available in a federal question case, for there would be no federal question claim against the party subject to the prejudgment seizure. In fact, such a claim would only exist against the defendant. Yet Rule 64 provides explicitly for pre-judgment garnishment and obviously contemplates its availability in diversity cases as well as in federal question cases. The township's proposed rule would make this remedy unavailable in the latter class of cases.
>
> . . . .
>
> A rule requiring that there be a separate state lawsuit to enforce a federal

524.

court judgment by garnishment process would actually impair any identifiable interest of that state. It would impose on the state courts the role of serving as an auxiliary or adjunct to the district court by cleaning up the loose ends of a district court lawsuit.

*Id.* at 385.

For the reasons set forth above and for the reasons set forth in the Court's Opinion of September 5, 2000, this Court continues to believe that it has jurisdiction to hear and decide the garnishment proceeding at issue in this case.

■ In support of its argument that the Court lacks jurisdiction, the City asserts, "[t]he claim seeks to litigate a contract not raised in evidence before the jury or in the jury instructions or verdict form or at any point in the prior suit." (Mot. Recons. Br. at 5). "The garnishment action could not have been brought in the prior action insofar as the duty to pay under a contract of indemnity is triggered only when the indemnitee ... has a duty to pay a judgment." (Mot. Recons. Br. at 6). While these statements are true in this case, they are true in every garnishment action. The issue of whether the garnishee is indebted to the principal defendant, is not an issue that can, or should, be addressed in the principal action. Rather, the issue should not be addressed unless and until there is a judgment against the principal defendant. The issue of whether or not the garnishee defendant may be liable to the judgment debtor (principal defendant) is an issue distinct from the claims brought by the plaintiff against the defendant in the principal suit. While certain facts in the underlying suit may be important and relevant to the garnishment issue, e.g., was the police officer acting in the course of his employment, nevertheless, the ultimate issue of liability of the garnishee to the judgment debtor (principal defendant) is significantly different than the issue of liability in the principal case. This difference, however, does not, in this Court's

opinion, make this a "new and independent action," thus precluding this Court from exercising jurisdiction over the garnishment proceedings.

The City further misreads the Court's Opinion when it states, "[t]he Court appears to have assume [sic]—absent any basis in the record for doing so and incorrectly—that the City has or will waive its coverage defenses." (Motion Recons. Br. at 10). In determining that this Court has jurisdiction to hear and decide the garnishment action, the Court did not make, and does not make, any conclusions with respect to whether or not the City is in fact indebted to defendant Williams. That is exactly the issue to be decided in the garnishment proceedings.[3] The City confuses the issue of jurisdiction over the garnishment proceedings with the issue of whether or not the garnishee is, in fact, indebted to the principal defendant.

The City also misreads (or misinterprets) Michigan's garnishment statute. Relying on MICH. COMP. LAWS ANN. § 600.4911, the City argues ("Legal Argument No. 3") that state law "prohibits a Court from issuing such a writ against a municipality ..." (Mot. Recons. Br. at 16). Unfortunately, the City did not cite any provision from that statute which "prohibits a writ of garnishment." In fact, contrary to the City's contention, MICH. COMP. LAWS. ANN. § 600.4011(2) provides that "the state and each governmental unit within the state, including but not limited to a ... municipal ... corporation may be proceeded against as a garnishee in the same manner and with the same effect as a proceeding against an individual garnishee."

Furthermore, the City's reliance on *Payton v. City of Highland Park,* 211 Mich.App. 510, 536 N.W.2d 285 (1995) and *City of Roosevelt Park v. Norton Township,* 330 Mich. 270, 47 N.W.2d 605 (1951) is misplaced. Both of these cases involved a garnishment proceeding to enforce a

---

**3.** See e.g., M.C.R. 3.101(M)(1), "If there is a dispute regarding a garnishee's liability ... the issue shall be tried in the same manner as other civil actions."

judgment against a municipality. In *Payton*, the plaintiff sought to garnish the City of Highland Park's bank account, while in *City of Roosevelt Park*, the plaintiff attempted to garnish the bank account of Norton Township. For some reason, counsel for the City continues to fail to distinguish between a garnishment proceeding instituted to enforce a judgment against a municipality, and a garnishment proceeding directed toward the municipality to enforce a judgment against a "non-municipality."

Because the City's motion for reconsideration merely presents the same issues ruled upon by the Court, and because the Court does not believe there exists a palpable defect by which the Court has been misled, the City's motion for reconsideration shall be denied.

An Order consistent with this Opinion shall issue forthwith.