# STATE OF MICHIGAN

# COURT OF APPEALS

OAKLAND PARK, LLC, WOODWARD
MANCHESTER COMPANY, LLC, and
WOODWARD HIGHLAND PARK, LLC,

        Plaintiffs-Appellants,

v

CITY OF DETROIT, GREAT LAKES WATER
AUTHORITY, and DETROIT WATER AND
SEWERAGE DEPARTMENT,

        Defendants-Appellees.

UNPUBLISHED
December 18, 2018

No. 339610
Wayne Circuit Court
LC No. 17-004734-CZ

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

The city of Highland Park owes the city of Detroit and the other defendants a lot of money—more than $19,000,000.00. Plaintiffs are businesses in Highland Park. Fearing that Highland Park will impose hefty property tax hikes to offset the debt, plaintiffs filed a Headlee Amendment suit against defendants. They did not sue Highland Park.

The Headlee Amendment limits the ability of local governments to add or increase taxes. But defendants are not potential villains in plaintiffs' Headlee case as they are not relevant taxing units. And amendment to add the city of Highland Park would be futile, because any increase to cover the judgment would not qualify as a "local tax" subject to § 31 of the Headlee Amendment. We therefore affirm the circuit court's summary dismissal of plaintiffs' claims.

## I. BACKGROUND

This case arises out of defendants' contemplated collection of a 2015 judgment against the city of Highland Park under MCL 600.6093, which provides a statutory mechanism to collect a judgment against a municipality by way of property taxes imposed on the municipal tax base. See *American Axle & Mfg, Inc v Hamtramck*, 461 Mich 352, 364-365; 604 NW2d 330 (2000); *Payton v Highland Park*, 211 Mich App 510, 512-513; 536 NW2d 285 (1995). The 2015 judgment was the subject of this Court's review in *Detroit v Highland Park*, unpublished per curiam opinion of the Court of Appeals, issued November 15, 2016 (Docket No. 327448) ("*Detroit Water*"), in which this Court explained:

This case arises out of a dispute between defendant, city of Highland Park ("Highland Park") and the city of Detroit ("Detroit"), over Highland Park's failure to pay for water and sewer services provided by the Detroit Water and Sewerage Department ("DWSD"). [Detroit and DWSD] alleged that because Highland Park failed to comply with contractual obligations, it accrued more than $17,000,000 in water bill arrearages. Highland Park now appeals as of right the April 30, 2015 judgment in Detroit's favor, awarding it in excess of $19,000,000. We affirm. [*Id*. at 1.]

Great Lakes Water Authority (GLWA) is a regional water authority that was created by way of a mediated agreement entered into between Wayne, Macomb, and Oakland Counties, and defendant Detroit in the course of Detroit's chapter 9 bankruptcy. *In re City of Detroit*, 524 BR 147, 198 (Bankr ED Mich, 2014). Although GLWA was not a party to *Detroit Water*, defendants assert:

On June 12, 2015, the City of Detroit, through [DWSD], and [GLWA,] entered into a Regional Water Supply Lease and Regional Sewage Disposal System Lease Agreements ("Regional Sewer Lease", collectively "Leases"). Under the Regional Water Supply Lease, GLWA operates five Water Production Plants and a series of regional transmission mains that convey potable water to communities. . . .

* * *

As a part of the launch of GLWA, and as a part of the Lease, GLWA was assigned DWSD's receivables from, and contract and litigation with, Highland Park. The 2015 Judgment has also been assigned to GLWA.

In March 2017, about four months after *Detroit Water* was decided against Highland Park, plaintiffs brought this action against defendants. Plaintiffs alleged that (1) they are all limited liability companies that own real property in Highland Park, (2) defendants' attempts to collect the 2015 judgment under MCL 600.6093 would ultimately result in the imposition of an ad valorem tax[1] on plaintiffs' properties, and (3) the imposition of those taxes would be contrary to Const 1963, art 9, § 31 (§ 31 of the Headlee Amendment) because the taxes had not been

---

[1] "An ad valorem tax is a tax levied on property or an article of commerce in proportion to its value as determined by assessment or appraisal." *WPW Acquisition Co v City of Troy*, 250 Mich App 287, 296; 646 NW2d 487 (2002) (cleaned up).

This opinion uses the new parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, Cleaning Up Quotations, 18 J App Pract & Process 143 (2017).

approved by the local electorate. Although plaintiffs stated two "counts," both were rooted in the same essential legal theory: violation of Headlee § 31.

Defendants successfully moved for summary disposition. The circuit court cited several independent grounds for its ruling. Relevant here, it addressed the merits of plaintiffs' Headlee § 31 claims on the face of the pleadings. Citing *American Axle*, the court held that the limitations of Headlee § 31 do not apply to taxes levied under MCL 600.6093. The court further held that because defendants were not the entity that would actually levy the tax against plaintiffs, plaintiffs had asserted their claims against the wrong defendants. The court also ruled that plaintiffs' claim were not ripe for adjudication, reasoning that no tax had yet been imposed against them and that, because Highland Park might satisfy the 2015 judgment in some other way, plaintiffs had not shown that any such tax ever would be imposed.

## II. ANALYSIS

Summary disposition was appropriately granted under MCR 2.116(C)(8). We review de novo a party's challenge to the summary dismissal of its action. *Spiek v Mich Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). "MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted. The motion must be granted if no factual development could justify the plaintiffs' claim for relief." *Id*.

The Headlee Amendment "was proposed as part of a nationwide 'taxpayer revolt' in which taxpayers were attempting to limit legislative expansion of requirements placed on local government, to put a freeze on what they perceived was excessive government spending, and to lower their taxes both at the local and the state level." *Durant v State Bd of Ed*, 424 Mich 364, 378; 381 NW2d 662 (1985). As enacted, it "imposes on state and local government a fairly complex system of revenue and tax limits." *Durant v Michigan*, 456 Mich 175, 182; 566 NW2d 272 (1997) (*Durant*). For purposes of analyzing the Headlee tax limitations, "the crucial inquiry" is "the entity responsible for levying the tax." *Airlines Parking, Inc v Wayne Co*, 452 Mich 527, 544; 550 NW2d 490 (1996).

Plaintiffs pursued their claims under Headlee § 31. As our Supreme Court observed in *Durant*, 456 Mich at 183, "Section 31 prohibits units of local government from levying any new tax or increasing any existing tax above authorized rates without the approval of the unit's electorate." Only "local taxes" are subject to the limitations of § 31. *Airlines Parking*, 452 Mich at 536-537, 544. "[L]ocal taxes are collected by local government, administered directly by that local entity, and spent by the local government according to local fiscal policy." *Id*. at 536-537.

For purposes of the Headlee Amendment, Const 1963, art 9, § 33 defines "local Government" as "any political subdivision of the state, including, but not restricted to, school districts, cities, villages, townships, charter townships, counties, charter counties, authorities created by the state, and authorities created by other units of local government." Plaintiffs are correct that each defendant qualifies as *a* unit of local government for purposes of Headlee § 31. Section 31 precludes such governmental entities from "levying" or "increasing" certain taxes without voter approval. However, defendants are not *the* unit (or units) of local government that will, or may, actually levy or increase any property tax against plaintiffs' realty in Highland Park

pursuant to MCL 600.6093. Indeed, as defendants point out, they have absolutely no authority to levy or collect a property tax against real property in Highland Park. See generally the General Property Tax Act (GPTA), MCL 211.1 *et seq.* (setting forth, among other things, the procedure for placing real property taxes on the municipal tax rolls); see also *AERC of Mich, LLC v Grand Rapids*, 266 Mich App 717, 722; 702 NW2d 692 (2005) (noting that the GPTA governs a city's collection of its real property taxes "only insofar as the act does not conflict with a charter provision or ordinance enacted by the municipality"). Accordingly, the circuit court correctly held that plaintiffs initiated this action against the wrong defendants and that no possible factual development could warrant a finding of Headlee § 31 liability against these defendants.

Plaintiffs contend that the circuit court should have permitted them to amend their complaint to name Highland Park as a party defendant, rather than dismissing their action outright. MCR 2.116(I)(5) provides for such amendments: "If the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Amendment was not justified in this case.

The tax at issue does not qualify as a "local tax" subject to Headlee § 31. The potential property tax increase would not be spent by Highland Park according to local fiscal policy. Instead, it would—if it is ever placed on the tax rolls—be assessed by legal mandate under MCL 600.6093 and paid to defendants to satisfy the 2015 judgment. Moreover, our Supreme Court has explicitly held that Headlee § 31 does not apply to a tax levied by operation of MCL 600.6093 because such taxes were authorized by law before the Headlee Amendment was enacted. See *American Axle*, 461 Mich at 364 ("Section 6093 was a preexisting authorization for the levy of the judgment tax, and thus the levy is not subject to voter approval.").[2]

---

[2] We are unpersuaded by plaintiffs' attempt to legally distinguish *American Axle*. After strenuously arguing that a levy under MCL 600.6093 constitutes a de facto "ad valorem *tax*," plaintiffs switch gears, beginning to refer to that "tax" as the imposition of "wastewater treatment *fees*" that were allegedly unlawful when the Headlee Amendment was enacted under both the Federal Clean Water Act, 33 USC 1283(b)(1)(A) (as amended by PL 95-217, 91 Stat 1566) and MCL 141.118 (as amended by 1974 PA 27). (Emphasis added.) But a levy imposed by operation of MCL 600.6093 is not a wastewater treatment fee—it is a tax. *American Axle*, 461 Mich at 364-365; *Payton*, 211 Mich App at 512-513. Moreover, the plain language of Headlee § 31 does not preclude the levying of "wastewater treatment fees" that were unlawful when § 31 was enacted; it precludes the levying of "any *tax* not authorized by law or charter" at that time. (Emphasis added.) Thus, plaintiffs' attempts to duck and weave around *American Axle* fail.

As summary disposition was appropriate where plaintiffs filed suit against the wrong defendants and amendment to name the correct defendant was not justified, we need not consider the other grounds cited by the circuit court in support of its decision.

We affirm.


/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering