*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES T. HOLLAND,

       Plaintiff-Appellee,

v

CITY OF HIGHLAND PARK,

       Defendant-Appellant.

UNPUBLISHED
May 7, 2019

No. 341588
Wayne Circuit Court
LC No. 13-004749-NI

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

In this inverse condemnation action, defendant appeals as of right an order settling a consent judgment between plaintiff and defendant. We affirm.

This appeal arises from damage that occurred to plaintiff's property in Highland Park and the parties' subsequent agreement to settle plaintiff's inverse condemnation claim. The parties placed the terms of the settlement on the record, agreeing that the settlement was "for $10,000 subject to City Council approval as are all municipal settlements[.]" Several months later, plaintiff moved for entry of a consent judgment pursuant to MCR 2.602(B)(4). Although defense counsel objected to entry of the order, he reported to the trial court that the city council approved the settlement. The trial court then entered an order settling the consent judgment, which stated that the parties stipulated, on the record, to settle plaintiff's inverse condemnation claim for $10,000, and that the settlement was approved by defendant's city council. Defendant filed a motion for reconsideration and argued that the consent judgment did not comport with the parties' agreement. The trial court denied defendant's motion for reconsideration because it determined that the parties agreed to the terms of the consent judgment on the record.

This Court reviews a trial court's decision on a motion for reconsideration for an abuse of discretion, *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008), as well as its decision to enter a consent judgment, *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 558; 840 NW2d 375 (2013). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Corporan v Henton*, 282 Mich App 599, 605-606; 766 NW2d 903 (2009) (quotation marks and citation omitted).

Defendant first argues that the trial court abused its discretion because the city council did not approve the settlement agreement before the trial court's entry of the consent judgment. A settlement agreement is a contract. *Reicher v SET Enterprises, Inc*, 283 Mich App 657, 663; 770 NW2d 902 (2009). Generally, only the city council can bind a municipal corporation to a contract. *Manning v Hazel Park*, 202 Mich App 685, 691; 509 NW2d 874 (1993).

Defense counsel's agreement to the settlement at the settlement conference did not bind defendant to the terms of the agreement because, at that point, defendant's city council had not approved the settlement agreement. See *id*. However, at the subsequent hearing, defense counsel reported to the trial court that defendant's city council had approved the settlement. The trial court properly relied on defense counsel's representation because "[a]n attorney speaks for his client." *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 302; 731 NW2d 29 (2007). Despite acknowledging approval by defendant's city council, defense counsel also stated that "we don't know the terms of it." The unknown terms appear to only involve whether the judgment would be paid periodically or from the tax rolls. The trial court stated that, however defendant decides to pay it, it agreed to pay the amount of the judgment. We agree that the ambiguity regarding the timing of the payment or payments does not negate the fact that defendant's city council approved the settlement amount. Because the trial court relied on defense counsel's statement that defendant's city council approved the settlement agreement, the trial court did not abuse its discretion by entering the consent judgment.

Defendant next argues that the proposed consent judgment that plaintiff submitted to the trial court did not accurately reflect the agreement of the parties. Neither party disputes the amount of the settlement agreement. Rather, the parties disagree on the method of payment, i.e., whether the judgment would be satisfied by a lump sum or installment payments. The consent judgment does not include payment terms. However, it contained the essential terms of the agreement: the payment of $10,000 in exchange for dismissal of the case. See *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 454; 733 NW2d 766 (2006) ("There clearly was a meeting of the minds on the essential terms of the agreement. The essential terms were the payment of $48,000 by defendant in exchange for a dismissal with prejudice and a release.").

Moreover, MCL 600.6093, which is the sole remedy for the collection of a judgment against a municipality, *Payton v Highland Park*, 211 Mich App 510, 512-513; 536 NW2d 285 (1995), only requires "a certified transcript of the judgment, showing the amount and date thereof, with the rate of interest thereon, and of the costs as taxed under the seal of the court, if in a court having a seal." MCL 600.6093(1). The consent judgment contained the amount of the judgment and the effective date the judgment was entered. And, as plaintiff argues on appeal, the absence of a rate of interest or taxed costs from the consent judgment suggests that no interest or costs are recoverable by plaintiff. Therefore, the consent judgment contained the essential terms that reflected the parties' agreement.

Defendant also argues that plaintiff failed to comply with MCR 2.602(B)(3)[1] when plaintiff submitted the proposed consent judgment because the parties did not agree to the form of the consent judgment. However, plaintiff did not submit the proposed consent judgment for entry under MCR 2.602(B)(3), but rather MCR 2.602(B)(4), which reads, "A party may prepare a proposed judgment or order and notice it for settlement before the court." Although the consent judgment entered by the trial court admittedly refers to MCR 2.602(B)(2), plaintiff plainly sought entry of the consent judgment under subrule (B)(4) and provided notice of the hearing to defendant. The trial court held a hearing on plaintiff's motion and settled the consent judgment in accordance with the parties' agreement on the record. Accordingly, because plaintiff complied with MCR 2.602(B)(4), there is no procedural error regarding the method of entry of the consent judgment.

Affirmed. As the prevailing party, plaintiff may tax costs. MCR 7.219(A).

/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica

---

[1] MCR 2.602(B)(3), in pertinent part, states:

Within 7 days after the granting of the judgment or order, or later if the court allows, a party may serve a copy of the proposed judgment or order on the other parties, with a notice to them that it will be submitted to the court for signing if no written objections to its accuracy or completeness are filed with the court clerk within 7 days after service of the notice. The party must file with the court clerk the original of the proposed judgment or order and proof of its service on the other parties.